GRIFFIS, J.,
for the Court.
¶ 1. Titus Depriest Avant was indicted for the sale of marijuana and the sale of cocaine, in violation of Mississippi Code Annotated Section 41-29-139(a) (Rev. 2001). The jury was unable to reach a verdict on the sale of marijuana charge, but found Avant guilty of the sale of cocaine. The Circuit Court of Panola County sentenced Avant to serve a term of eight years in the Mississippi Department of Corrections, with said sentence to run concurrent with the sentence imposed in Cause Number CR2003-132-LP2. The court further ordered twelve years post-release supervision, with five years of reporting post-release supervision and seven years non-reporting post-release supervision.
¶ 2. On appeal, Avant argues that the trial court erred in: (1) denying his request to question a prospective juror regarding a peremptory challenge raised against the juror, (2) allowing the State to call as a witness a staff member of the district attorney’s office, (3) sustaining the State’s peremptory challenges, and (4) denying his motion for a mistrial. We find no error and affirm.
ANALYSIS

I. Did the trial court err in denying Avant’s request to question a prospective juror regarding a peremptory challenge raised against the juror?

¶ 3. During voir dire, the State exercised a peremptory challenge against Stephanie Holman who the State believed was the sister of Titus Holman, an individual previously convicted of a drug charge. The information for the strike was provided to the State by both a criminal investigator with the district attorney’s office and an employee with the sheriffs department. The defense counsel objected based on Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), and requested an opportunity to question Ms. Holman about the information. The trial court denied the request finding that a “mini trial” on each Batson challenge was unnecessary.
¶4. Avant argues that the trial court erred in denying his attorney’s request to question Ms. Holman. Avant relies on Brawner v. State, 872 So.2d 1, 12(¶ 31) (Miss.2004), which held that although the trial court does not have to conduct a “mini-hearing” on a peremptory strike each time a peremptory challenge is exercised based on information gained from outside sources, the trial court does have a duty to ensure that the information relied upon for the strike is credible.
¶ 6. The record indicates that in sustaining the State’s peremptory strike, the trial court relied not only upon the information provided by the outside sources but also upon the demeanor of Ms. Holman. Specifically, the trial court noted that Ms. Holman had not responded to any questions during voir dire, including the question about familial connection with crime. Demeanor has been recognized as a racially-neutral reason for a peremptory strike. Lockett v. State, 517 So.2d 1346, 1351 (Miss.1987). The trial judge stated that, based on her observations of the questioning that took place in open court and the responses from the jurors, she did not find a pattern of discrimination. The trial judge sustained the State’s peremptory strike.
¶ 6. On appellate review, the trial court’s determination under Batson is accorded great deference because it is based, in large part, on credibility. Id. at 1349. “Great deference” has been defined in the Batson context as “insulating from appellate reversal any trial findings which are *698 not clearly erroneous.” Id. at 1349-50. Upon review, we find the trial court had a sufficient basis to deny Avant’s request to question Ms. Holman.

II. Did the trial court err in allowing the State to call as a witness a staff member of the district attorney’s office?

¶ 7. During the jury selection process, the State exercised a peremptory strike against Carry L. Bramlett. Avant objected to the strike based on Batson. The trial court directed the State to explain the reasons for the strike. The State then requested permission to call Ida Bryan as a witness. Ms. Bryan worked at the district attorney’s office and had provided the State with the information regarding the strike. Avant objected but the trial court overruled Avant’s objection and allowed the State to call Ms. Bryan as a witness since she was a staff member of the district attorney’s office and not a prospective juror.
¶8. Avant argues that the trial court erred in allowing the State to call Ms. Bryan as a witness since the court denied his request to question Ms. Holman. In support of his argument, Avant relies on the Equal Protection Clause of the Fourteenth Amendment.
¶ 9. The record, however, lacks evidence of discrimination. It indicates that the trial judge allowed the prosecutor to consult with his colleague, who was assisting during voir dire. More importantly, the trial judge stated that the defense was afforded the same opportunity. Thus, there were no signs of discrimination.

III. Did the trial court err in sustaining the State’s peremptory challenges?

¶ 10. Avant contends the trial court erred in sustaining the State’s peremptory challenges. He believes the trial court improperly accepted as race-neutral the reasons given for the peremptory strikes. We disagree. Four of five peremptory strikes were used against veniremen who had family members previously convicted of or prosecuted for a crime. Challenging a juror on account of familial connection with crime is a race-neutral reason. Id. at 1351. The other strike was used against a venireman who stated that a video would be helpful to support a conviction. The State did not have a video and, thus, exercised a peremptory strike.
¶ 11. “The trial judge acts as finder of fact when a Batson issue arises.” Lynch v. State, 877 So.2d 1254, 1270(¶47) (citing Walker v. State, 815 So.2d 1209, 1215(¶ 12) (Miss.2002)). “The race neutral explanations must be viewed in the light most favorable to the trial court’s findings.” Id. This Court gives great deference to the trial court’s findings of whether or not a peremptory challenge was race-neutral. Manning v. State, 765 So.2d 516, 519(¶ 8) (Miss.2000). Such deference is necessary because finding that a striking party engaged in discrimination is largely a factual finding and should be accorded appropriate deference on appeal. Id. Indeed, we will not overrule a trial court on a Batson ruling unless the record indicates that the ruling was clearly erroneous or against the overwhelming weight of the evidence. Id. We find no such error.

IV.Did the trial court err in denying Avant’s motion for a mistrial?

¶ 12. After the court clerk read the guilty verdict as to the charge for sale of cocaine, Avant requested that the jury be polled pursuant to Uniform Circuit and County Court Rule 3.10. The trial court then proceeded to poll the jury. When the court asked juror Mitchell if the guilty verdict represented her vote on the charge *699 of sale of cocaine, she initially responded, “No.” The trial court then asked her, “You did not vote guilty on Count 2[sale of cocaine]?” Mitchell responded, “Did I vote guilty? Oh, yes, ma’am.” The trial court again asked Mitchell, “On Count 2 on the sale of cocaine we have received a verdict that says, ‘We, the jury, find the defendant guilty of sale of cocaine.’ Was that your vote, Mrs. Mitchell?” Mitchell responded, “Yes, ma’am.”
¶ 13. Avant subsequently moved for a mistrial, pursuant to Uniform Circuit and County Court Rule 3.12. Avant believes that the trial court’s questioning caused Mitchell to change her vote. However, the record reflects that Mitchell did not change her vote. Rather, the trial court’s questioning merely clarified Mitchell’s vote. After her initial negative response, Mitchell answered clearly, consistently, and distinctly five different times that she had voted guilty.
¶ 14. The trial court is in the best position to determine if a mistrial should be granted. Alexander v. State, 602 So.2d 1180, 1182 (Miss.1992). Here, there is no evidence to support Avant’s argument that the trial court coerced Mitchell into changing her vote. Thus, the trial court was correct in denying Avant’s motion for a mistrial. Therefore, we find no error.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF PANOLA COUNTY OF CONVICTION OF COUNT II SALE OF COCAINE AND SENTENCE OF EIGHT YEARS TO BE SERVED IN THE CUSTODY OF MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH SAID SENTENCE TO RUN CONCURRENTLY WITH THE SENTENCE IMPOSED IN CAUSE NUMBER CR2003-132-LP2, AND SENTENCE OF TWELVE YEARS’ POST-RELEASE SUPERVISION, WITH FIVE YEARS OF REPORTING POST-RELEASE SUPERVISION AND SEVEN YEARS NON-REPORTING POST-RELEASE SUPERVISION, WITH SAID SENTENCE TO RUN CONSECUTIVELY TO ANY AND ALL SENTENCES PREVIOUSLY IMPOSED, IS HEREBY AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, BARNES AND ISHEE, JJ. CONCUR. KING, C.J., CONCURS IN RESULT ONLY.